# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL COPPER | Civil Action No. 08-456 |
| Plaintiff, | |
| v. | Judge Terrence F. McVerry |
| | Magistrate Judge Lisa Pupo Lenihan |
| DEPARTMENT OF CORRECTIONS, et al. | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute.

**II. REPORT**

Plaintiff instituted this action on February 19, 2008 in the Eastern District of Pennsylvania by sending the Court a Complaint with a motion to proceed *in forma pauperis*. Said Motion was granted and Plaintiff's Complaint was filed March 5, 2008. On the same date Plaintiff's case was transferred to this district based upon improper venue in the Eastern District. Plaintiff filed a Motion for a New Trial, which was denied on 5/27/08. In that Order dated 5/27/08, Plaintiff was advised by the Court that it was his responsibility to serve the Complaint on the Defendants or to provide the clerk with the required number of service copies and service directions for each defendant.

On September 2, 2008, this Court issued an Order requiring Plaintiff to show cause no later than September 26, 2008, why the Court should not issue a report and recommendation

recommending dismissal of this case for failure to prosecute pursuant to F.R.C.P. 4(m) (doc. no. 9). Service of the Complaint has not been made and Plaintiff has filed to respond to any of the Courts' orders.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." <u>Id.</u>

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the <u>party's</u> personal <u>responsibility</u>; (2) the <u>prejudice</u> to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a <u>history</u> of dilatoriness; (4) whether the conduct of the party or attorney was <u>willful</u> or in <u>bad</u> <u>faith</u>; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

<u>Id.</u>, at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter <u>pro se</u>. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, defendants have not yet been required to respond to the complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders of May 27, 2008 and September 2, 2008. This is sufficient evidence, in the court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any "excusable neglect", Poulis, supra. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding pro se and in forma pauperis. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of the defense.

It appears from the face of the Complaint that Plaintiff failed to exhaust his administrative remedies. Thus, this factor weighs in favor of dismissal.

Five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from

the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                          Lisa Pupo Lenihan
                                                          United States Magistrate Judge

Dated: October 16, 2008

cc:       The Honorable Terrence F. McVerry
          United States District Judge

          Darryl Copper
          GX 3475
          SCI Pine Grove
          191 Fyock Rd
          Indiana, PA 15701